## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY<br>1900 South 18th Avenue<br>West Bend, Wisconsin 53095 | ) ) ) ) ) | CASE NO. |
|         Plaintiff, | ) ) | JUDGE |
| vs. | ) ) | |
| OSMIC, INC.<br>5151 Lakeside Avenue,<br>Cleveland, Ohio 44114 | ) ) ) ) | |
|     also serve: | ) ) | |
|     Hubert N. Osmic, Statutory Agent<br>    5151 Lakeside Avenue,<br>    Cleveland, Ohio 44114 | ) ) ) ) | **COMPLAINT** |
|     also serve: | ) ) | |
|     Osmic, Inc.<br>    5209 Lakeside Avenue,<br>    Cleveland, Ohio 44114 | ) ) ) ) | |
| and | ) ) | |
| HUGH OSMIC<br>8380 King Memorial Road<br>Kirtland Hills, Ohio 44060 | ) ) ) ) | |
| and | ) ) | |
| KIMBERLY S. OSMIC<br>8380 King Memorial Road<br>Kirtland Hills, Ohio 44060 | ) ) ) ) | |
|         Defendants. | ) | |

Plaintiff West Bend Insurance Company ("West Bend"), for its Complaint against Defendants Osmic, Inc., Hugh Osmic ("H. Osmic"), and Kimberly S. Osmic ("K. Osmic"), states as follows:

## PARTIES

1.     West Bend is a Wisconsin corporation with a principal place of business in West Bend, Wisconsin.  West Bend is authorized and licensed to engage in the surety bond business in the State of Ohio.

2.     Upon information and belief, Osmic, Inc. is an Ohio corporation with its principal place of business located in Cuyahoga County, Ohio. The last known addresses for Osmic, Inc. and its statutory agent for receipt of service of process are set forth in the caption above.

3.     Upon information and belief, H. Osmic is an individual citizen of the State of Ohio who resides in Lake County, Ohio, with a last known address set forth in the caption above.

4.     Upon information and belief, K. Osmic is an individual citizen of the State of Ohio, who resides in Lake County, Ohio, with a last known address set forth in the caption above. Osmic, Inc., H. Osmic, and K. Osmic may be collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

5.     West Bend is seeking in excess of $75,000.00, exclusive of costs and interest, in damages from Defendants.  Additionally, there is complete diversity between West Bend and Defendants.  Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## FACTS COMMON TO ALL COUNTS

6.     On or about May 23, 2018, West Bend issued a certain Bid Guaranty and Contract Bond No. 2385846 (the "Bond"), naming Osmic, Inc. as Principal and the MetroHealth System ("MetroHealth") as Obligee, in a penal sum equivalent to Osmic's $130,636.00 bid amount.  The Bond, a true and accurate copy of which is attached hereto as **Exhibit A**, covered Osmic Inc.'s contract with MetroHealth (the "MetroHealth Contract") for certain work on the construction project known as the Lincoln West High School at MetroHealth Renovation Project (the "Project"). A true and accurate copy of the MetroHealth Contract is attached hereto as **Exhibit B**.

7.     On or about April 4, 2017, as consideration for West Bend's issuance of the Bond on Osmic Inc.'s behalf, the Defendants each executed a written Rapid Bond General Agreement of Indemnity in favor of West Bend, in which the Defendants, jointly and severally, agreed to indemnify and pay West Bend for "[a]ll loss and expense, including reasonable attorney's fees . . . incurred by [West Bend] by reason of having executed any Bond or . . . on account of any breach of this [Indemnity Agreement] by any of the Undersigned" (the "Indemnity Agreement"). A true and accurate copy of the Indemnity Agreement is attached hereto as **Exhibit C**.

8.     The MetroHealth Contract sum was $130,636.00.

9.     MetroHealth paid Osmic, Inc. a total of $116,901.92 of the MetroHealth Contract sum.

10.     Osmic, Inc. failed to fully and adequately perform the work required of it under the MetroHealth Contract.

11.     On or about December 18, 2018, West Bend received a claim by MetroHealth against the Bond arising from Osmic's failures to perform on the Project.

12.     Since being notified of MetroHealth's claim, West Bend repeatedly asked Osmic for over two (2) years to substantiate any dispute of this claim with documents, testimony, and/or other evidence, and Osmic has failed to do so. The records Osmic provided West Bend were sparse and did not support its accusations against MetroHealth.

13.     Further, as a result of Osmic's lack of cooperation, West Bend was required to retain a third-party consultant, J.S. Held, to investigate and verify MetroHealth's claims that portions of Osmic's work were defective, incomplete, and/or non-conforming. J.S. Held's investigation confirmed MetroHealth's allegations were true and Osmic breached the MetroHealth Contract.

14.     West Bend, therefore, directed J.S. Held to obtain fair market pricing to complete and correct Osmic's work. Based on the pricing obtained, West Bend reached a settlement with MetroHealth, which required West Bend to issue payment, over and above the remaining MetroHealth Contract balance, to MetroHealth in the sum of $92,750.00 to resolve its claim on the Bond.

15.     West Bend further incurred costs and expenses in the amount of $31,145.35 (subject to escalation) to date in resolving MetroHealth's claim, costs which were increased by Osmics' refusal to cooperate in its defense.

16.     In addition, upon information and belief, Osmic, Inc. was paid contract proceeds under the MetroHealth as compensation for work performed by third-party labor and material suppliers, which funds Osmic, Inc. failed and refused to pay to said labor and material suppliers.

17.     Instead, upon information and belief, Defendants misappropriated said funds for use on non-bonded projects, Osmic Inc.'s general expenses, and/or H. Osmic and/or K. Osmic's personal expenses.

18.     As a result of these alleged failures, payment claims have been made against the Bond, certain of which have been or will be paid by West Bend.

19.     As a result of Osmic Inc.'s alleged failures set forth above, West Bend has incurred, and will continue to incur, losses in excess of $123,895.35 to date, for which Defendants are liable.

## COUNT I
### (Breach of Contract/Contractual Indemnification)

20.     West Bend realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

21.     The Indemnity Agreement sets forth in writing Defendants' agreement to indemnify West Bend from and against any and all losses and expenses of whatsoever kind or nature, including, without limitation, West Bend's payments of claims made against the Bond, and any and all legal, investigation and loss adjustment expenses incurred by West Bend as a result of its issuance of the Bond and/or its enforcement of its rights and the Defendants' obligations under the Indemnity Agreement ("Losses").

22.     As a result of the alleged failures of Osmic, Inc. set forth above, West Bend has incurred, and will continue to incur, Losses, for which the Defendants are liable under the Indemnity Agreement.

23.     West Bend has repeatedly demanded that the Defendants indemnify it from and against any Losses, which West Bend has incurred or is expected to incur in the future as a result of West Bend's issuance of the Bond and/or enforcement of its rights under the Indemnity Agreement.

24. On February 8, 2021, West Bend sent a formal demand letter though counsel to Defendants seeking payment, indemnity, and defense for the Losses arising from and claims against the Bond. A true and accurate copy of this letter is attached hereto as **Exhibit D**.

25. Defendants failed and refused to comply with West Bend's demands for payment, indemnity, and defense of the claims asserted against the Bond, and therefore, breached its obligations under the Indemnity Agreement.

26. As a result of Defendants' collective failure to comply with West Bend's demands and/or cooperate in their joint defense, West Bend has paid $92,750.00 in bond claims and incurred in excess of $31,145.35 in costs as surety to Osmic, Inc. to date, with additional claims still pending and disputed.

27. Pursuant to the Indemnity Agreement, West Bend is entitled to indemnification from Defendants in an amount in excess of $123,895.35, plus such amount(s) necessary to cover any additional Losses, which West has incurred or is expected to incur in the future as a result of West Bend's issuance of the Bond and/or enforcement of its rights and Defendants' obligations under the Indemnity Agreement, together with interest thereon.

## COUNT II
### (Common Law Indemnification)

28. West Bend realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 27 of the Complaint, as if fully set forth herein

29. West Bend is entitled, as a matter of law, to full indemnification from Defendants, in an amount in excess of $123,895.35, plus all additional Losses incurred by West Bend as a result of its issuance of the Bond, together with interest thereon at the statutory rate.

**COUNT III**
**(Declaratory Judgment)**

30.    West Bend realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 29 of the Complaint, as if fully set forth herein

31.    West Bend is entitled to a declaratory judgment that the Defendants must indemnify West Bend from and against any and all Losses, which West Bend has incurred or may incur in the future as a result of its issuance of the Bond or enforcement of its rights or the Defendants' obligations under the Indemnity Agreement.

**COUNT IV**
**(Conversion)**

32.    West Bend hereby incorporates by reference all of the allegations contained in paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33.    Upon information and belief, Defendants have wrongfully exercised control or dominion or otherwise converted the identifiable tangible property of West Bend for their own use and benefit, in denial of the property rights of West Bend and as otherwise inconsistent with West Bend's rights.

34.    Specifically, upon information and belief, H. Osmic and K. Osmic misappropriated the MetroHealth Contract funds issued by MetroHealth for completion of the work and payment to Osmic, Inc.'s subcontractors and suppliers on the Project to pay non-bonded project costs, general expenses, and personal expenses.

35.    Such conversion was willfully and maliciously performed in bad faith and without legal justification, privilege, or reasonable excuse.

36.     As a direct and proximate result of such wrongful conduct, West Bend has suffered damages in an amount in excess of $75,000.00, to be proven at trial, exclusive of punitive damages, attorney's fees, and court costs.

**WHEREFORE**, Plaintiff West Bend Mutual Insurance Company requests the following relief:

1)      On Count I, a judgment in favor of West Bend and against Defendants, joints and severally, in an amount in excess of $123,895.35, to be proven at trial, plus such amount(s) necessary to cover any additional Losses, which West Bend has incurred or is expected to incur in the future as a result of West Bend's issuance of the Bond and/or enforcement of its rights and Defendants' obligations under the Indemnity Agreement, together with interest thereon;

2)      On Count II, a judgment in favor of West Bend against Defendants, jointly and severally, in an amount in excess of $123,895.35, to be proven at trial, plus such amount(s) necessary to cover any additional Losses which West Bend has incurred or is expected to incur in the future as a result of West Bend's issuance of the Bond, together with interest thereon at the statutory rate;

3)      On Count III, a declaratory judgment that Defendants must, jointly and severally, indemnify West Bend from and against any and all Losses, which West Bend has incurred or may incur in the future as a result of its issuance of the Bond or enforcement of its rights or Defendants' obligations under the Indemnity Agreement;

4)      On Count IV, a judgment in favor of West Bend and against Defendants, jointly and severally, in an amount in excess of $75,000.00, to be proven at trial, exclusive of punitive damages, attorney's fees, and court costs

5)      Prejudgment and post-judgment interest; costs; punitive damages; attorneys' fees;

and such additional relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Alan B. Dailide*
Alan B. Dailide (0088014)
*adailide@frantzward.com*
Nora E. Loftus (0079985)
*nloftus@frantzward.com*
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Phone: (216) 515-1660
Fax: (216) 515-1650
*Attorneys for Plaintiff West Bend*
*Mutual Insurance Company*