# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **West Bend Mutual Insurance Company,** | **CASE NO. 1:21-CV-593** |
| **Plaintiff,** | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| **Osmic, Inc., et al.** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants** | |

Currently pending are (1) Defendants Osmic, Inc.'s and Hugh Osmic's Objection to Plaintiff West Bend Mutual Insurance Company's Application for Entry of Default under Fed. R. Civ. P. 55(a) (Doc. No. 20); (2) Defendant Osmic, Inc.'s Motion for an Extension of Time to Hire an Attorney to File a Responsive Pleading (Doc. No. 21); and (3) Plaintiff West Bend Mutual Insurance Company's Combined Motion to Strike and Brief in Opposition to Defendants' Objection (Doc. No. 22.)

For the following reasons, Plaintiff's Motion to Strike (Doc. No. 22) is granted in part and denied in part.  Defendant Osmic, Inc.'s Motion for Extension of Time to Hire an Attorney (Doc. No. 21) is hereby stricken from the record.  Defendants Osmic, Inc.'s and Hugh Osmic's Objection (Doc. No. 20) is construed as a Motion to Set Aside Entry of Default and is granted in part and denied in part.

## I.    Background

Plaintiff West Bend Mutual Insurance Company (hereinafter "Plaintiff" or "West Bend") filed a Complaint in this Court against Defendants Osmic, Inc., Hugh Osmic, and Kimberly Osmic on March 12, 2021.  (Doc. No. 1.)  West Bend's claims arise out of a "Rapid Bond General Agreement

of Indemnity" executed by Defendants in favor of West Bend in April 2017.  (*Id*. at ¶ 7.)  Therein, Defendants, jointly and severally, agreed to indemnify and pay West Bend for "[a]ll loss and expense, including reasonable attorney's fees . . . incurred by [West Bend] by reason of having executed any Bond or . . . on account of any breach of this [Indemnity Agreement] by any of the Undersigned" (the "Indemnity Agreement").  (*Id*.)  West Bend subsequently issued a Bond covering Osmic Inc.'s contract with the MetroHealth System for certain work on a construction project known as the "Lincoln West High School at MetroHealth Renovation Project."  (*Id*. at ¶ 6.)

West Bend states that, in December 2018, it received a claim by MetroHealth against the Bond arising from Osmic, Inc.'s alleged failure to perform on the MetroHealth Project.  (*Id*. at ¶ 11.)  West Bend alleges that, despite its repeated requests, Defendants failed to provide documents, testimony, or other evidence regarding MetroHealth's claim.  (*Id*. at ¶ 12.) West Bend then retained a third-party consultant to conduct an investigation.  (*Id*. at ¶ 13.)  This investigation determined that "MetroHealth's allegations were true and Osmic breached the MetroHealth Contract."  (*Id*.) West Bend later settled with MetroHealth for the sum of $92,750, and also incurred costs and expenses in the amount of $31,145.35 in resolving MetroHealth's claim.  (*Id.* at ¶¶ 14, 15.)

In its Complaint, West Bend asserts claims for breach of contract/contractual indemnification, common law indemnification, declaratory judgment, and conversion. (Doc. No. 1.)  West Bend seeks indemnification in the full amount of $123,895.35, as well as punitive damages, pre- and post-judgment interest, attorney's fees, and costs.  (*Id.* at pp. 8-9.)

After several unsuccessful attempts to serve Osmic, Inc. by certified mail, West Bend requested service by the Clerk of Courts.  The docket reflects that, on May 17, 2021, the Clerk sent the summons and Complaint by regular U.S. mail to Osmic, Inc. at 5151 Lakeside Avenue, Cleveland,

Ohio, which is the listed address of its statutory agent Hugh Osmic (hereinafter "Mr. Osmic").  (Doc. No. 7.)  *See also* Doc. No. 21-1.  The docket does not reflect that this mailing was returned as undeliverable.  Mr. Osmic was served with the summons and Complaint by certified mail on June 23, 2021.[1]  (Doc. No. 12.)

Pursuant to Fed. R. Civ. P. 12(a), Defendants' Answers were due 21 days after their respective dates of service.  The docket reflects, however, that no Answers were timely filed by either Osmic, Inc. or Mr. Osmic.  On August 5, 2021, West Bend filed an Application for Entry of Default against Osmic, Inc. and Mr. Osmic under Fed. R. Civ. P. 55(a).  (Doc. No. 18.)  Default was entered against both Defendants the following day.  (Doc. No. 19.)

On August 13, 2021, Mr. Osmic, proceeding *pro se*, filed an "Objection to Plaintiff West Bend Insurance Company's Application . . . for Entry of Default against Defendants Osmic, Inc. and Hugh Osmic."  (Doc. No. 20.)  On that same date, Osmic, Inc. (through Mr. Osmic) filed a Motion for Extension of Time to Hire an Attorney.  (Doc. No. 21.)

West Bend filed a "Combined Motion to Strike and Brief in Opposition" on August 23, 2021, to which Mr. Osmic replied on August 27, 2021. (Doc. Nos. 22, 23.)

## II.   Analysis

### A.   Motion to Strike (Doc. No. 22)

In its Motion to Strike, West Bend argues that Defendants' Objection to Entry of Default (Doc. No. 20) and Osmic, Inc.'s Motion for Extension (Doc. No. 21) should be stricken on the

---

[1] During this time period, West Bend also made repeated attempts to perfect service on Defendant Kimberly Osmic.  *See* Doc. Nos. 16, 25.  On September 15, 2021, West Bend requested that the Clerk serve Kimberly Osmic by ordinary mail. (Doc. No. 26.)  The docket reflects that the Clerk placed the summons and Complaint in the mail to Kimberly Osmic on September 15, 2021.

grounds that they were "impermissibly filed by an individual engaging in the unauthorized practice of law." (Doc. No. 22 at p. 1.)  Citing authority that a corporation can only maintain litigation or appear in federal court through an attorney, West Bend argues that Mr. Osmic may not make any filings on behalf of, or otherwise purport to represent, Osmic, Inc., in this action. (*Id*.)  West Bend maintains, therefore, that both the Objection and Motion for Extension should be stricken from the record.  (*Id*.)

Mr. Osmic filed a response, in which he argues generally that motions to strike are disfavored. (Doc. No. 23 at pp. 1-2.)  He asserts that *pro se* litigants are entitled to meaningful access to the courts and that his right to be heard is protected by the Due Process Clause.  (*Id*. at pp. 4-6.)  Finally, Mr. Osmic argues that West Bend did not obtain proper service over either him or Osmic, Inc.  (*Id*. at pp. 2-3.)

The Supreme Court has recognized that federal law requires that "corporations, partnerships, or associations" or any "artificial entity" appear in federal courts only through counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).  As that Court explained:

> It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. * * * As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

*Id*. at 202.  The Sixth Circuit has repeatedly recognized this rule, as have district courts within this Circuit.  *See, e.g.*, *United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir.1969) (holding that a corporate president may not represent his corporation before a federal court); *Harris v. Akron Dept. of Public Health,* 10 Fed. Appx 316, 319 (6th Cir. 2001) ("[A] corporation must be represented

4

in court by an attorney and may not be represented by an officer.")  *See also United Parcel Service Co. v. DNJ Logistic Group, Inc*., 2019 WL 5579553 at fn 2 (W.D. Ky. June 6, 2019), *report and recommendation adopted by*, 2019 WL 5586542 (W.D. Ky. July 2, 2019); *Zobele Mexico, S.A. de C.V. v. TSS Techs., Inc*., 2019 WL 1130752 at *2 (S.D. Ohio Feb. 13, 2019), *report and recommendation adopted,* 2019 WL 1125873 (S.D. Ohio Mar. 12, 2019) ("Furthermore, it is insufficient for a person to attempt to represent a corporation as an officer of the corporation.")

Notably, "[a] default judgment has been found to be appropriate when a corporate defendant has failed to obtain, and appear through, counsel."  *State Farm Mut. Auto. Ins. Co. v. Edward L. Johnson, P.C*., 2013 WL 2456006 at * 5 (E.D. Mich. June 6, 2013).  *See also Tri–State Hospital Supply Corp. v. Medi–Pac*, 2007 WL 3146553 (S.D. Ohio 2007) (default judgment entered when defendant corporation failed to appear through counsel, even when a lay person entered a response to the Court's order to show cause)).

In light of the above, the Court agrees with West Bend that Mr. Osmic may not proceed on behalf of Osmic, Inc. in this action.[2]  Thus, the Court will strike the pleading captioned "Defendant Osmic, Inc.'s Motion for an Extension of Time to Hire an Attorney" (Doc. No. 21), which was improperly signed and filed by Mr. Osmic on behalf of Osmic, Inc.  The Court declines, however, to formally strike Defendants' Objection to the Entry of Default (Doc. No. 20) from the record, as it was filed by Mr. Osmic both on his own behalf and on behalf of Osmic, Inc.  In resolving this Objection, below, the Court will only consider and address the Objection to the extent it seeks to set

---

[2] Mr. Osmic does not assert (and there is no indication in the record before this Court) that he is a licensed attorney.

5

aside the entry of default against Mr. Osmic personally.  The Court will not consider the Objection to the extent it seeks to set aside the entry of default against Osmic, Inc.

Accordingly, and for all the reasons set forth above, West Bend's Motion to Strike is granted with respect to Osmic, Inc.'s Motion for Extension (Doc. No. 21) but denied with respect to Defendants' Objection to the Entry of Default (Doc. No. 20).

## B.    Objection to Entry of Default against Mr. Osmic

As default has already been entered under Fed. R. Civ. P. 55(a), the Court construes Defendants' "Objection to Plaintiff's Application for Entry of Default" as a Motion to Set Aside Entry of Default under Fed. R. Civ. P. 55(c).  *See, e.g., Fondren v. Am. Home Shield Corp*., 2017 WL 10241596 at *1 (W.D. Tenn. Oct. 25, 2017) ("Although not styled as a motion, in this filing AHS requests the court to set aside the Clerk's entry of default, and thus, the court will treat it as a motion to set aside the Clerk's entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure."), *report and recommendation adopted* by, 2017 WL 10241597 (W.D. Tenn. Nov. 22, 2017).

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause."  In order to determine whether a party has shown "good cause" for the purposes of setting aside an entry of default, the court considers the following factors: (1) whether the plaintiff will suffer prejudice, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.  *See Waifersong, Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983); 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2692, 2694 (1983)).  Rule 55(c) leaves the decision to set aside the entry of default to the discretion of the trial judge.  *Shepard*

6

*Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986).  However, "trials on the merits are favored in federal courts because they serve the best interests of justice, so 'any doubt should be resolved in favor of the petition to set aside the judgment.'"  *Unger v. Ohio Flame, LLC*, 2013 WL 12121504 at *2 (W.D. Mich. Nov. 26, 2013) (quoting *United Coin*, 705 F.2d at 846).

With respect to the first factor—whether the plaintiff will be prejudiced by the court vacating an entry of default—delay alone is not a sufficient basis for establishing prejudice.  *United Coin*, 705 F.2d at 845; *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990).  Instead, the plaintiff must demonstrate that the delay will cause "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  *Berthelsen*, 907 F.2d at 621.  Here, West Bend has not argued, and there is no indication, that it would suffer any such prejudice if the Court sets aside the entry of default against Mr. Osmic.  As such, this factor supports setting aside the entry of default.

Next, in determining whether the defendant has a meritorious defense, courts do not look at the defense's likelihood of success, but rather "whether the defense is one recognized by the law, taking all facts in the light most favorable to the defendant."  *Unger*, 2013 WL 12121504 at *2. "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced."  *Union Coin*, 705 F.2d at 845.  Here, Mr. Osmic states that "he believes that he has meritorious defenses to the causes of action asserted within the Plaintiff's Complaint" but does not identify any such defenses or explain why he believes they are meritorious.  (Doc. No. 20 at p. 4.)  West Bend does not address this factor in its Brief in Opposition or otherwise argue that the entry of default should be aside because Mr. Osmic does not have a meritorious defense.  As neither party has

7

meaningfully addressed this factor, the Court finds that it is neutral and does not weigh either for or against setting aside the default against Mr. Osmic.

Finally, the Court must assess whether the culpable conduct of Mr. Osmic led to the default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard*, 796 F.2d at 194.  "[M]ere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).  In the instant matter, Mr. Osmic asserts that he did not become aware of the instant proceedings until August 6, 2021 and that West Bend has been serving its documents on the incorrect address.  (Doc. No. 20 at pp. 2-4.) West Bend argues that it obtained good service on Mr. Osmic several months ago but he "took no action to protect himself or his company," despite the fact that he is allegedly an "experienced commercial contractor and litigant with many currently pending lawsuits."  (Doc. No. 22 at p. 2.) The Court cannot find, based on the record before it, that Mr. Osmic's conduct was culpable, i.e., that he intentionally thwarted the instant proceedings and/or demonstrated a reckless disregard for the effect of his conduct on these proceedings.  Moreover, the record reflects that he promptly moved to set aside entry of default one week after allegedly becoming aware of the entry of default.   Under these circumstances, the Court finds that this factor supports setting aside the entry of default against Mr. Osmic.

Accordingly, and in light of the preference for resolving cases on their merits, the Court finds that Mr. Osmic has shown good cause to set aside the entry of default against him under Fed. R. Civ. P. 55(c).  Mr. Osmic's Motion is granted, therefore, with respect to the entry of default against him personally.  However, as noted above, the Court will not consider Mr. Osmic's arguments that the

8

entry of default should be aside with respect to Osmic, Inc.  Accordingly, Mr. Osmic's Motion is denied with respect to Osmic, Inc.

## III.    Conclusion

For all the reasons set forth above, Plaintiff's Motion to Strike (Doc. No. 22) is granted to the extent it seeks an Order striking Defendant Osmic, Inc.'s Motion for Extension of Time to Hire an Attorney (Doc. No. 21) but denied to the extent it seeks an Order striking Defendants' Objection to the Entry of Default (Doc. No. 20.)  Defendants' Objection (Doc. No. 20) is construed as a Motion to Set Aside Entry of Default and is granted as to Mr. Osmic but denied with respect to Osmic, Inc.

Finally, as noted above, Defendant Osmic, Inc.'s Motion for Extension of Time to Hire and Attorney (Doc. No. 21) is stricken from the record.  However, in light of the strong preference for resolving cases on their merits, the Court will allow Osmic, Inc. fourteen (14) days from the date of this Order to obtain counsel, i.e., by no later than October 21, 2021.  Osmic, Inc. is hereby warned that, if it fails to appear through counsel by that date, West Bend will be free to move for default judgment against it.

**IT IS SO ORDERED.**


_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  October 7, 2021                          U. S. DISTRICT JUDGE

9