# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **WEST BEND MUTUAL INSURANCE COMPANY,** | **CASE NO. 1:21-CV-00593-PAB** |
| **Plaintiff,** | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| **OSMIC, INC., et al.** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

Currently pending is *pro se* Defendant Kimberly Osmic's "Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)."  (Doc. No. 60.)  Plaintiff West Bend Mutual Insurance Company filed a Brief in Opposition on December 21, 2022.  (Doc. No. 63.)   For the following reasons, Defendant Kimberly Osmic's Motion to Dismiss (Doc. No. 60) is DENIED.

## I. Background

### A. Factual Allegations in the Complaint

Plaintiff West Bend Mutual Insurance Company (hereinafter "Plaintiff" or "West Bend") filed a Complaint in this Court against Defendants Osmic, Inc., Hugh Osmic, and Kimberly Osmic on March 12, 2021.  (Doc. No. 1.) West Bend's claims arise out of a "Rapid Bond General Agreement of Indemnity" executed by Defendants in favor of West Bend in April 2017.  (*Id*. at ¶ 7.)  Therein, Defendants, jointly and severally, agreed to indemnify and pay West Bend for "[a]ll loss and expense, including reasonable attorney's fees . . . incurred by [West Bend] by reason of having executed any Bond or . . . on account of any breach of this [Indemnity Agreement] by any of the Undersigned" (the "Indemnity Agreement").  (*Id.*)

West Bend subsequently issued a Bid Guaranty and Contract Bond (the "Bond") in May 2018, naming Defendant Osmic, Inc. as Principal and the MetroHealth System ("MetroHealth") as Obligee, in a penal sum equivalent to Osmic's $130,636.00 bid amount.  (*Id*. at ¶ 6.)  The Bond covered Osmic Inc.'s contract with MetroHealth (the "MetroHealth Contract") for certain work on the construction project known as the Lincoln West High School at MetroHealth Renovation Project (the "Project"). (*Id.*) The MetroHealth Contract sum was $130,636.00.  (*Id*. at ¶ 8.)  MetroHealth paid Osmic, Inc. a total of $116,901.92 of the contract sum.  (*Id*. at ¶ 9.)

In December 2018, West Bend received a claim by MetroHealth against the Bond arising from Osmic, Inc.'s alleged failure to perform on the MetroHealth Project.  (*Id.* at ¶ 11.) West Bend alleges that, despite its repeated requests, Defendants failed to provide documents, testimony, or other evidence regarding MetroHealth's claim. (*Id.* at ¶ 12.) West Bend then retained a third-party consultant, J.S. Held, to conduct an investigation. (*Id.* at ¶ 13.) This investigation determined that "MetroHealth's allegations were true and Osmic breached the MetroHealth Contract." (*Id.*) West Bend then directed J.S. Held to obtain fair market value pricing to complete and correct Osmic, Inc's work. (*Id.* at ¶ 14.)  Based on the pricing obtained, West Bend reached a settlement with MetroHealth which required it to pay, over and above the remaining MetroHealth contract balance, the sum of $92,750. (*Id.*) West Bend also incurred costs and expenses in the amount of $31,145.35 in resolving MetroHealth's claim.  (*Id.* at ¶ 15.)

Additionally, West Bend alleges that "Osmic, Inc. was paid contract proceeds under the MetroHealth [contract] as compensation for work performed by third-party labor and material suppliers, which funds Osmic, Inc. failed and refused to pay to said labor and material suppliers." (*Id.* at ¶ 16.)  Instead, West Bend alleges that Defendants "misappropriated said funds for use on non-

2

bonded projects, Osmic, Inc.'s general expenses, and/or H. Osmic and/or K. Osmic's personal expenses." (*Id.* at ¶ 17.)

On February 8, 2021, West Bend sent a formal demand letter to Defendants seeking payment, indemnity, and defense for losses arising from and claims against the Bond. (*Id.* at ¶ 24; Doc. No. 1-4 at PageID#s 44-45.) Defendants failed and refused to comply with West Bend's demand for payment. (*Id.* at ¶ 25.)

**B.      Procedural History**

In its Complaint, West Bend asserts claims against Defendants for breach of contract/contractual indemnification, common law indemnification, declaratory judgment, and conversion. (Doc. No. 1.) West Bend seeks indemnification in the amount of $123,895.35,[1] as well as punitive damages, pre- and post-judgment interest, attorney's fees, and costs. (*Id.* at PageID#s 8-9.)

On November 9, 2021, Defendant Hugh Osmic (hereinafter "Mr. Osmic"), proceeding *pro se*, filed both a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).  (Doc. Nos. 32, 33.)  Several months later, on January 10, 2022, Defendant Kimberly Osmic (hereinafter "Ms. Osmic"), also proceeding *pro se,* filed a Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 41.) West Bend opposed both Motions.[2]  (Doc. Nos. 37, 43.)

---

[1] According to the Complaint, this figure includes $92,750 in "bond claims" and $31,145.35 in costs "as surety to Osmic, Inc. to date, with additional claims still pending and disputed." (*Id.* at ¶ 26.)

[2] Meanwhile, West Bend filed a Motion for Default Judgment against Defendant Osmic, Inc. on November 10, 2021. (Doc. No. 35.)  On January 5, 2022, the Court ordered West Bend to submit appropriate documentation to support its claims for damages.  West Bend complied on January 11, 2022.  (Doc. No. 42.)  The Court thereafter granted default judgment in favor of West Bend against Osmic, Inc. in the amount of $139,026.64, which includes $94,750.00 in bond claim payments, $11,229.85 in consultant fees and expenses, and $33,046.79 in attorney's fees and costs. (Doc. No. 45.)

On June 9, 2022, this Court issued a Memorandum Opinion & Order denying Defendants Hugh Osmic's and Kimberly Osmic's Motions to Dismiss.  (Doc. No. 47.)  These Defendants thereafter filed Answers to the Complaint.  (Doc. Nos. 50, 51.)  A Case Management Conference ("CMC") was held on July 20, 2022, at which time various case management deadlines were set. (Doc. No. 57.)  The discovery and case management deadlines were later extended by sixty days.  *See* Non-Doc. Order dated December 2, 2022.

On November 21, 2022, Ms. Osmic filed the instant "Motion to Dismiss for Lack of Personal Jurisdiction Fed. R. Civ. P. 12(b)(2)."  (Doc. No. 60.)  West Bend filed a Brief in Opposition on December 21, 2022, to which Ms. Osmic did not reply.[3]  (Doc. No. 63.)   Mr. Osmic did not file a response to Ms. Osmic's Motion.

## II.    Standard of Review

While Ms. Osmic purports to seek dismissal for lack of personal jurisdiction, a review of her Motion indicates that she, in fact, seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. No. 60.)  Although the caption of Ms. Osmic's Motion summarily references Fed. R. Civ. P. 12(b)(2) and personal jurisdiction, the body of her Motion seeks "an order dismissing the Complaint filed against her on the grounds that Plaintiff has failed to state a claim upon which relief can be granted against her personally" and sets forth, at length, the standard for dismissal under Fed.

---

[3] Subsequently, on January 9, 2023, Defendant Hugh Osmic filed a Notice of Filing Bankruptcy.  (Doc. No. 64.)  This Court entered an Order Staying the instant matter against Hugh Osmic only and directed West Bend and Kimberly Osmic to submit briefing regarding whether the automatic stay ought to be extended to Kimberly.  (Doc. No. 65.)  West Bend filed a Brief on January 30, 2023, and Kimberly Osmic filed a Motion to Stay the instant matter for 45 days.  (Doc. Nos. 67, 68.)  Before the Court could rule on this issue, Defendant Hugh Osmic voluntarily dismissed his Chapter 13 Bankruptcy Petition.  *See* Non-Document Orders dated Feb. 22, 2023.  West Bend, Hugh Osmic, and Kimberly Osmic filed Motions to Resume Proceedings herein.  (Doc. Nos. 69, 71, 73.)  The automatic stay was lifted on February 27, 2023.  (Doc. No. 70.)  Hugh Osmic and Kimberly Osmic then filed Motions to Extend the Discovery and Dispositive Motions deadlines.  (Doc. Nos. 72, 74.)  A status conference to discuss this issue is set for March 15, 2023.

R. Civ. P. 12(b)(6).  (*Id*. at pp. 1-2.)  Ms. Osmic does not recite the standard for personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or discuss either the Ohio Long Arm Statute or the Due Process Clause anywhere in her Motion.  (*Id*.)  Nor does she state any facts relating to her residency and/or contacts with the State of Ohio or otherwise deny that she is, in fact, an Ohio resident.[4]  (*Id*.)  Accordingly, the Court construes Ms. Osmic's Motion as seeking dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Under that Rule, the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff.  *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555-56).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Deciding whether a complaint states a claim for relief that is plausible is a

---

[4] The Court notes that the mailing address provided by Ms. Osmic in this action is an Ohio address.

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus,* 551 U.S. 89 (2007)) (quoting *Twombly*, 550 U.S. at 555-56).  Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## III.    Analysis

As noted *supra*, Ms. Osmic previously filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which this Court denied in a Memorandum Opinion & Order issued June 9, 2022.  (Doc. Nos. 41, 47.)  Upon review, the Court notes that the content of Ms. Osmic's instant Motion to Dismiss is, word for word, identical to her previous Motion to Dismiss.  *Compare* Doc. No. 41 with Doc. No. 60.  Specifically, in each Motion, Ms. Osmic cites legal authority regarding the elements of each of West Bend's four claims and then argues, summarily, as follows:

> When the alleged facts set forth within the Plaintiffs [sic] Complaint are compared with the elements necessary to state a cause of action against Defendant Kimberly Osmic, it is clear [] convincing that the Plaintiff has sustained no injury in fact, fairly traceable to the conduct of the Defendant, which an order of this Court can redress [] favorably, [sic] this court lacks jurisdiction of the subject matter and must dismiss this action with prejudice. Because the Plaintiff has failed to state a claim upon which relief can be granted, Defendant Kimberly Osmic prays this Court will dismiss the same against her.

(Doc. No. 60 at pp. 4, 7, 9, 11, 13.) Ms. Osmic does not apply any of the law cited in her Motion to the facts of the instant case or otherwise articulate any specific argument(s) in support of her assertion that West Bend fails to state a claim against her.

Unlike her previous Motion, however, Ms. Osmic attaches an Affidavit to the instant Motion to Dismiss. (Doc. No. 60-1.) This undated Affidavit is signed by Ms. Osmic under penalty of perjury. (*Id*.) Therein, Ms. Osmic avers, in relevant part, as follows:

3.   The sole basis that the Plaintiff has for naming me as a defendant in this lawsuit, is it alleges that I, as Defendant Hugh Osmic's spouse, executed a Rapid Bond General Agreement of Indemnity document attached [to the] Complaint as Exhibit C, on the 4th day of April, 2017.

4.   However, the Rapid Bond General Agreement of Indemnity document attached to Plaintiff's Complaint, as Exhibit C, allegedly executed on the 4th day of April in 2017, was not executed by me at all, and the signature thereupon was not endorsed by me.

5.   I did not sign the Rapid Bond General Agreement of Indemnity document attached to Plaintiff's Complaint, as Exhibit C, and signature relied upon by the Plaintiff to support it's [sic] Complaint and claims against me are not mine, and were not made thereupon by me,

6.   Hugh and I were not happily married in April of 2017 and had been living separate and apart since the fall of 2016 and are legally divorced today.

7.   I was not Hugh Osmic's Spouse when the Rapid Bond General Agreement of Indemnity was signed, and I would not have signed any agreement on his behalf.

8.   I never made any offer to Plaintiff West Bend Insurance Company for any goods or services at all, and any and all signatures relied upon by the Plaintiff alleging that I did is not my signature, was not signed by me or anyone with my permission on my behalf and is a forgery.

9.   I never made any [sic] accepted any offer made to be [sic] Plaintiff West Bend Insurance Company and never received any goods or services at all from Plaintiff West Bend Insurance Company, and signature relied upon the

7

Plaintiff alleging that I did is not my signature, was not signed by me or anyone with my permission on my behalf and is a forgery.

10.    There were never any terms discussed at all by West Bend Mutual Insurance Company and myself regarding any offer or acceptance for the transfer of good[s] or services and never did I agree to any at all with the Plaintiff or Defendant Hugh Osmic.

(Doc. No. 60-1 at ¶¶ 3-10.)  Although it is attached as an Exhibit to her Motion, Ms. Osmic does not discuss her Affidavit in her Motion or otherwise articulate any specific argument as to why it would be appropriate for this Court to consider her Affidavit in the context of the instant Motion to Dismiss for failure to state a claim.

In its Brief in Opposition, West Bend argues that Ms. Osmic's Motion is "substantively a carbon copy of" her previous motion to dismiss and should be denied on that basis alone.  (Doc. No. 63.) West Bend does not acknowledge or address Ms. Osmic's Affidavit at any point in its Opposition.  (*Id.*)  Defendant Hugh Osmic did not file a response to Ms. Osmic's Motion and/or Affidavit.

As an initial matter (and although not addressed by any of the parties to this action), the Court first clarifies that it will not consider Ms. Osmic's Affidavit in resolving the instant Motion.  It is well-established that, in ruling on a Rule 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett,* 528 F.3d at 430.  *See also Brent v. Wayne Cty. Dep't of Human Servs.,* 901 F.3d 656, 694 (6th Cir. 2018).  When a court takes judicial notice of matters outside the pleadings, it may only consider the existence of these documents but not the truth of the specific factual allegations contained therein, as such factual allegations are subject to reasonable

8

dispute.  *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) ("Federal Rule of Evidence 201 allows a court to take notice of facts not subject to reasonable dispute.")  Under Rule 12(d), "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  If a motion to dismiss is converted to a motion for summary judgment, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

For the following reasons, the Court will not consider Ms. Osmic's Affidavit in resolving the instant Motion to Dismiss.  Ms. Osmic's Affidavit is not attached to or referred to in the Complaint and is not a public record.  Moreover, although the issue of whether Ms. Osmic signed the Rapid Bond Agreement may be considered as central to West Bend's claims, that issue is subject to reasonable dispute and cannot be resolved at the pleadings stage.  Indeed, West Bend has alleged that Ms. Osmic did, in fact, execute the Rapid Bond Agreement that is the subject of its claims.  *See* Doc. No. 1 at ¶ 7, 21.  Lastly, none of the parties have requested, and the Court is not inclined, to convert Ms. Osmic's Motion to Dismiss to a Motion for Summary Judgment.

As discussed at some length in this Court's June 9, 2022 Memorandum Opinion & Order (Doc. No. 47), West Bend specifically alleges herein that (1) Ms. Osmic executed the April 2017 Rapid Bond Indemnity Agreement; (2) West Bend performed under that Agreement and demanded payment from Defendants (including Ms. Osmic); (3) Ms. Osmic breached the Agreement by failing to pay; and (4) West Bend suffered damages as a result.  (Doc. No. 1.)  West Bend also specifically alleges that (1) Ms. Osmic misappropriated MetroHealth Contract funds to pay non-bonded project costs, general expenses, and personal expenses; (2) payment claims have been made against the Bond relating to this conduct which have been or will be paid by West Bend; (3) West Bend demanded

9

payment from Ms. Osmic for these losses; (4) Ms. Osmic has failed to pay; and (5) West Bend has suffered damages as a result.  (*Id*.)   The Court must take these factual allegations as true for purposes of the instant Motion and view them in a light most favorable to West Bend.  *See Gunasekara*, 551 F.3d at 466.

Accordingly, to the extent Ms. Osmic argues that West Bend fails to state a claim against her because she did not, in fact, sign the Rapid Bond Agreement, this argument is rejected. [5]  Ms. Osmic may, of course, reassert this argument after discovery is complete and summary judgment motions are filed, in accordance with the deadlines set by this Court.  Further, to the extent Ms. Osmic's current Motion can be read as reasserting the same legal arguments raised in her previous Motion to Dismiss, the Court rejects those arguments for the reasons set forth in its Memorandum Opinion & Order dated June 9, 2022.  (Doc. No. 47.)

## IV.     Conclusion

For all the reasons set forth above, Defendant Kimberly Osmic's Motion to Dismiss (Doc. No. 60) is DENIED.

**IT IS SO ORDERED.**


   *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  March 6, 2023                                  U.S. DISTRICT JUDGE

---

[5] As this Court noted in its previous Memorandum Opinion & Order, Ms. Osmic's alleged signature on the Rapid Bond Agreement is illegible and does not appear to have been witnessed.  (Doc. No. 1-3 at PageID# 43.)  However, as West Bend alleges that Ms. Osmic did, in fact, execute the Agreement, the Court must consider this allegation as true for purposes of the instant Motion.