# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **WEST BEND MUTUAL INSURANCE COMPANY,** | **CASE NO. 1:21-CV-00593-PAB** |
| **Plaintiff,** | **JUDGE PAMELA A. BARKER** |
| **-vs-** | |
| **OSMIC, INC., et al.** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

Currently pending is *pro se* Defendant Kimberly Osmic's "Motion to Dismiss for Lack of Personal Jurisdiction and Subject Matter Jurisdiction." (Doc. No. 78.) Plaintiff West Bend Mutual Insurance Company filed a Brief in Opposition on July 24, 2023, to which Defendant Kimberly Osmic did not reply. (Doc. No. 79.) For the following reasons, Defendant Kimberly Osmic's Motion to Dismiss (Doc. No. 78) is DENIED.

## I.      Background

### A.      Factual Allegations in the Complaint

Plaintiff West Bend Mutual Insurance Company (hereinafter "Plaintiff" or "West Bend") filed a Complaint in this Court against Defendants Osmic, Inc., Hugh Osmic, and Kimberly Osmic on March 12, 2021. (Doc. No. 1.) West Bend's claims arise out of a "Rapid Bond General Agreement of Indemnity" executed by Defendants in favor of West Bend in April 2017. (*Id*. at ¶ 7.) Therein, Defendants, jointly and severally, agreed to indemnify and pay West Bend for "[a]ll loss and expense, including reasonable attorney's fees . . . incurred by [West Bend] by reason of having executed any Bond or . . . on account of any breach of this [Indemnity Agreement] by any of the Undersigned" (the

"Indemnity Agreement").  (*Id.*)  A copy of the Rapid Bond General Agreement is attached to the Complaint as Exhibit C.  (Doc. No. 1-3.)

West Bend subsequently issued a Bid Guaranty and Contract Bond (the "Bond") in May 2018, naming Defendant Osmic, Inc. as Principal and the MetroHealth System ("MetroHealth") as Obligee, in a penal sum equivalent to Osmic's $130,636.00 bid amount.  (Doc. No. 1 at ¶ 6.)  The Bond covered Osmic Inc.'s contract with MetroHealth (the "MetroHealth Contract") for certain work on the construction project known as the Lincoln West High School at MetroHealth Renovation Project (the "Project").  (*Id.*) The MetroHealth Contract sum was $130,636.00.  (*Id.* at ¶ 8.)  MetroHealth paid Osmic, Inc. a total of $116,901.92 of the contract sum.  (*Id.* at ¶ 9.)

In December 2018, West Bend received a claim by MetroHealth against the Bond arising from Osmic, Inc.'s alleged failure to perform on the MetroHealth Project.  (*Id.* at ¶ 11.) West Bend alleges that, despite its repeated requests, Defendants failed to provide documents, testimony, or other evidence regarding MetroHealth's claim.  (*Id.* at ¶ 12.) West Bend then retained a third-party consultant, J.S. Held, to conduct an investigation. (*Id.* at ¶ 13.) This investigation determined that "MetroHealth's allegations were true and Osmic breached the MetroHealth Contract." (*Id.*) West Bend then directed J.S. Held to obtain fair market value pricing to complete and correct Osmic, Inc's work.  (*Id.* at ¶ 14.)  Based on the pricing obtained, West Bend reached a settlement with MetroHealth which required it to pay, over and above the remaining MetroHealth contract balance, the sum of $92,750.  (*Id.*) West Bend also incurred costs and expenses in the amount of $31,145.35 in resolving MetroHealth's claim.  (*Id.* at ¶ 15.)

Additionally, West Bend alleges that "Osmic, Inc. was paid contract proceeds under the MetroHealth [contract] as compensation for work performed by third-party labor and material

suppliers, which funds Osmic, Inc. failed and refused to pay to said labor and material suppliers." (*Id.* at ¶ 16.)  Instead, West Bend alleges that Defendants "misappropriated said funds for use on non-bonded projects, Osmic, Inc.'s general expenses, and/or H. Osmic and/or K. Osmic's personal expenses."  (*Id.* at ¶ 17.)

On February 8, 2021, West Bend sent a formal demand letter to Defendants seeking payment, indemnity, and defense for losses arising from and claims against the Bond.  (*Id.* at ¶ 24; Doc. No. 1-4 at PageID#s 44-45.)  Defendants failed and refused to comply with West Bend's demand for payment.  (*Id.* at ¶ 25.)

### B.     Procedural History

West Bend filed its Complaint in this Court on March 12, 2021.  (Doc. No. 1.)  Therein, West Bend asserts claims against Defendants for breach of contract/contractual indemnification, common law indemnification, declaratory judgment, and conversion. (*Id.*)  West Bend seeks indemnification in the amount of $123,895.35,[1] as well as punitive damages, pre- and post-judgment interest, attorney's fees, and costs. (*Id.* at PageID#s 8-9.)

The docket reflects that, between March 2021 and September 2021, West Bend made multiple unsuccessful attempts to serve Defendant Kimberly Osmic (hereinafter "Ms. Osmic") via certified mail.  *See* Doc. Nos. 3, 8, 16, 25.  First, on March 24, 2021, West Bend requested service by the Clerk on Ms. Osmic via certified mail, which came back unexecuted on May 5, 2021.  (Doc. No. 3, 8.)  Then, on May 17, 2021, West Bend again requested service by the Clerk on Ms. Osmic via certified mail, which again came back unexecuted on June 30, 2021.  (Doc. No. 16.)  This return of service

---

[1] According to the Complaint, this figure includes $92,750 in "bond claims" and $31,145.35 in costs "as surety to Osmic, Inc. to date, with additional claims still pending and disputed." (*Id.* at ¶ 26.)

3

indicated a new address for Ms. Osmic in Mentor, Ohio.  (*Id.*)  On June 29, 2021, West Bend requested service by the Clerk on Ms. Osmic via certified mail at the Mentor, Ohio address.  *See* Doc. No. 13; Docket entry dated June 29, 2021.  On September 14, 2021, West Bend's certified mail service attempt was returned unexecuted and marked as "unclaimed."  (Doc. No. 25.)

Shortly thereafter, on September 15, 2021, West Bend requested service by the Clerk on Ms. Osmic via ordinary mail.  (Doc. No. 26.)  The docket reflects that the Clerk placed the Summons and Complaint in the regular, U.S. mail to Ms. Osmic that day.  *See* Docket Entry dated Sept. 15, 2021. There is no indication on the docket that it was returned as "undeliverable."

On November 1, 2021, West Bend filed an Application for Entry of Default against Ms. Osmic under Fed. R. Civ. P. 55(a).  (Doc. No. 30.)  The Clerk entered default against Ms. Osmic the next day.  (Doc. No. 31.)  On November 9, 2021, Ms. Osmic filed a *pro se* Motion to Set Aside Entry of Default under Fed. R. Civ. P. 55(c).  (Doc. No. 34.)  Therein, Ms. Osmic asserted that she "did not receive anything from the Office of the Clerk of this Court, and specifically [she] did not receive a copy of the Summons or Complaint filed by the Plaintiff in this case." (*Id.* at pp. 3,7.)  Ms. Osmic proceeded to address the factors for setting aside default under Rule 55(c), arguing that she had meritorious defenses and that she had not displayed any culpable conduct.  (Doc. No. 34.)

On January 4, 2022, this Court issued a Memorandum Opinion & Order, granting Ms. Osmic's Motion to Set Aside Entry of Default.  (Doc. No. 40.)  The Court granted Ms. Osmic twenty-one days to file an Answer or other responsive pleading to West Bend's Complaint.  (*Id.* at p. 6.)

On January 10, 2022, Ms. Osmic filed a Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 41.)  Ms. Osmic did not argue, anywhere in her Motion, that the Complaint should be dismissed for insufficient service of process under Fed. R. Civ.

P. 12(b)(5).  (*Id.*)  West Bend opposed the Motion.  (Doc. No. 43.)  On June 9, 2022, this Court issued a Memorandum Opinion & Order denying Ms. Osmic's Motion to Dismiss for Failure to State a Claim.[2]  (Doc. No. 47.)   Ms. Osmic thereafter filed an Answer to the Complaint.  (Doc. Nos. 50.) She does not assert insufficient service of process as an affirmative defense.  (*Id.*)

A Case Management Conference ("CMC") was held on July 20, 2022, at which time various case management deadlines were set.  (Doc. No. 57.)  The discovery and case management deadlines were later extended by sixty days.  *See* Non-Doc. Order dated December 2, 2022.

On November 21, 2022, Ms. Osmic filed a second Motion to Dismiss.  (Doc. No. 60.) Although captioned "Motion to Dismiss for Lack of Personal Jurisdiction Fed. R. Civ. P. 12(b)(2)," Ms. Osmic's Motion, in fact, again sought dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (*Id.*)  *See also* Doc. No. 75 at p. 4.  Ms. Osmic did not argue, at any point in her second Motion to Dismiss, that the claims against her should be dismissed based on insufficient service of process.  (*Id.*)  West Bend filed a Brief in Opposition on December 21, 2022, to which Ms. Osmic did not reply.  (Doc. No. 63.)  On March 6, 2023, this Court issued a Memorandum Opinion & Order denying Ms. Osmic's Motion to Dismiss.  (Doc. No. 75.)

Meanwhile, on January 9, 2023, Mr. Osmic filed a Notice of Filing Bankruptcy.  (Doc. No. 64.)  This Court entered an Order staying the instant matter against Mr. Osmic only and directed West Bend and Ms. Osmic to submit briefing regarding whether the automatic stay ought to be extended

---

[2] Defendant Hugh Osmic ("Mr. Osmic") also filed a Motion to Dismiss and a Motion for Judgment on the Pleadings on November 9, 2021.  (Doc. Nos. 32, 33.)  The Court denied both Motions.  (Doc. No. 47.)  Meanwhile, West Bend filed a Motion for Default Judgment against Osmic, Inc. on November 10, 2021.  (Doc. No. 35.)  On January 5, 2022, the Court ordered West Bend to submit appropriate documentation to support its claims for damages.  West Bend complied on January 11, 2022.  (Doc. No. 42.)  The Court thereafter granted default judgment in favor of West Bend against Osmic, Inc. in the amount of $139,026.64, which includes $94,750.00 in bond claim payments, $11,229.85 in consultant fees and expenses, and $33,046.79 in attorney's fees and costs. (Doc. No. 45.)

to Ms. Osmic.  (Doc. Nos. 65, 66.)  West Bend filed a Brief on January 30, 2023, and Ms. Osmic filed a Motion to Stay the instant matter for 45 days.  (Doc. Nos. 67, 68.)  Before the Court could rule on this issue, Mr. Osmic voluntarily dismissed his Chapter 13 Bankruptcy Petition.  *See* Non-Document Orders dated Feb. 22, 2023.  West Bend, Mr. Osmic, and Ms. Osmic filed Motions to Resume Proceedings herein.  (Doc. Nos. 69, 71, 73.)  The automatic stay was lifted on February 27, 2023.  (Doc. No. 70.)

Mr. Osmic and Ms. Osmic then filed Motions to Extend the fact discovery, expert discovery, and dispositive motions deadlines.  (Doc. Nos. 72, 74.)  The Court conducted a status conference on March 15, 2023, during which it reset the case management deadlines as follows: (1) fact discovery to be completed by April 14, 2023; (2) initial expert reports to be exchanged by May 14, 2023; (3) responsive expert reports to be exchanged by June 13, 2023; (4) expert discovery to be completed by July 13, 2023; and (5) dispositive motions to be filed by August 12, 2023.  *See* Non-Doc Minute Order dated March 15, 2023.

On June 29, 2023, Ms. Osmic filed the instant "Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction."  (Doc. No. 78.)  Ms. Osmic first argues that West Bend's claims against her should be dismissed for lack of proper service under Fed. R. Civ. P. 12(b)(5).  (*Id*. at pp. 1-4, 6, 7, 9.)  Ms. Osmic next argues that "Plaintiff has failed to state a cause of action" against her under Fed. R. Civ. P. 12(b)(6) because she "has no knowledge or information pertaining to the purported agreements and arrangements made between the Plaintiff and other parties in the instant matter."  (*Id*. at pp. 1-2, 7.)  In support of this assertion, Ms. Osmic attaches the following documents as Exhibits to her Motion: (1) a "Letter of Opinion" dated June 19, 2023 from "Expert Document Examiner" Travis King, in which Mr. King opines that Ms. Osmic's purported signature on the Rapid Bond

6

Agreement is "not authentic" (Doc. No. 78-1); (2) Mr. King's Curriculum Vitae (Doc. No. 78-2); and (3) a notarized Affidavit signed by Ms. Osmic and dated June 21, 2023, in which she avers that she was never properly served in this matter and, further, that her alleged signature on the Rapid Bond Agreement "is not authentic and not my signature" (Doc. No. 78-3.)

West Bend filed a Brief in Opposition on July 24, 2023.  (Doc. No. 79.)  West Bend argues that the docket clearly reflects that Ms. Osmic was properly served with a copy of the Complaint on September 15, 2021 via ordinary mail.  (*Id*. at p. 1-2.)  West Bend further argues that Ms. Osmic waived her right to challenge the sufficiency of service by (1) filing her Answer on July 5, 2022 and failing therein to assert lack of proper service as an affirmative defense; and (2) failing to raise lack of service in either of her two previous Motions to Dismiss.  (*Id*. at p. 2-3.)  West Bend then argues that the Court clearly has diversity jurisdiction over the instant matter, as well as personal jurisdiction over Ms. Osmic.  (*Id*. at pp. 3-6.)  Finally, West Bend asserts that Mr. King's "Letter of Opinion" should be stricken because (1) it is not properly authenticated, and (2) was not disclosed to Plaintiff until well after the initial expert report deadline set by this Court.  (*Id*. at p. 8-9.)

Ms. Osmic did not file a reply to Plaintiff's Brief in Opposition.

## II.    Standards of Review

While Ms. Osmic purports to seek dismissal "for lack of personal and subject matter jurisdiction," a review of the content of her Motion indicates that she, in fact, seeks dismissal for (1) failure to perfect service under Fed. R. Civ. P. 12(b)(5); and (2) failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. No. 78.)  Throughout her Motion, Ms. Osmic repeatedly and explicitly references these two bases for dismissal, including citing directly to both Rule 12(b)(5) and Rule 12(b)(6).  (*Id*. at ¶ 5, 24, 28.)  Moreover, although the caption of Ms. Osmic's Motion summarily

7

references "subject matter jurisdiction," the Court notes that Ms. Osmic does not recite the standard for dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or otherwise cite or discuss that Rule at any point in her Motion.  Additionally, at no point in her Motion does Ms. Osmic contest that this Court has diversity jurisdiction over the instant matter or otherwise raise any discernible argument relating to subject matter jurisdiction.[3]  Likewise, although the caption of Ms. Osmic's Motion seek dismissal based on lack of personal jurisdiction, the Court notes that Ms. Osmic does not recite the standard for personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or discuss either the Ohio Long Arm Statute or the Due Process Clause anywhere in her Motion.  Nor does she state any facts relating to her residency and/or contacts with the State of Ohio or otherwise deny that she is, in fact, an Ohio resident.

Accordingly, and upon careful review, the Court construes Ms. Osmic's Motion as seeking dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5) and failure to state a claim under Rule 12(b)(6).

### A.    Fed. R. Civ. P. 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that the Court may dismiss an action for "insufficient service of process."  Fed. R. Civ. P. 12(b)(5).  A plaintiff "bears the burden of perfecting service of process and showing that proper service was made."  *Sawyer v. Lexington–Fayette Urban County Government*, 18 Fed. Appx 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219

---

[3] In its Complaint, West Bend alleges that this Court has diversity jurisdiction over the instant matter under 28 U.S.C. § 1332(a).  (Doc. No. 1 at ¶ 5.) In support of this allegation, West Bend alleges that (1) it is a Wisconsin corporation with a principal place of business in West Bend, Wisconsin; (2) Defendant Osmic, Inc. is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio; and (3) Defendants Hugh Osmic and Kim Osmic are both "individual citizen[s] of the State of Ohio who reside[] in Lake County, Ohio."  (*Id.* at ¶¶ 1-4.)  Ms. Osmic does not argue, and has not presented any evidence, that this Court does not possess diversity jurisdiction over the instant matter.

(6th Cir. 1996)).  "Courts may look to 'record evidence' and 'uncontroverted affidavits' to determine whether plaintiffs have met this burden."  *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015) (quoting *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)).  *See also Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd,* 917 F.3d 471 (6th Cir. 2019); *Chulsky v. Golden Corral Corp.,* 583 F.Supp.3d 1059, 1069 (S.D. Ohio 2022); *Spencer v. Caracal International LLC,* 516 F.Supp.3d 755, 758 (M.D. Tenn. 2021) (same).

A district court has "broad discretion" to dismiss an action for insufficient service.  *Chulsky,* 583 F.Supp.3d at 1069 (citing *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993)).  *See also Kalasho v. Republic of Iraq,* 102 Fed. Appx. 27, 28 (6th Cir. 2004); *Robinson v. Tennessee Highway Patrol,* 2017 WL 3234390 at * 2 (W.D. Tenn. July 31, 2017); *Project X Enterprise, Inc. v. Karam*, 2014 WL 3385101 at * 1 (E.D. Mich. July 10, 2014).

### B.  Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff.  *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  To survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate*

*Athletic Ass'n*., 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555-56).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus,* 551 U.S. 89 (2007)) (quoting *Twombly*, 550 U.S. at 555-56).  Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## III.    Analysis

### A.    Insufficiency of Service under Rule 12(b)(5)

As the Sixth Circuit has explained, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 656 (6th Cir. 2012).  *See also Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'"  *King*, 694 F.3d at 656 (quoting *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 584

10

(1999)).  Thus, the Court must first consider Ms. Osmic's argument that the claims against her should be dismissed because West Bend failed to properly serve her with a copy of the Summons and Complaint in this action.

In her Motion, Ms. Osmic argues that she "has not been properly served in the instant matter which warrants dismissal of the instant action in and of itself" pursuant to Fed. R. Civ. P. 12(b)(5). (Doc. No. 78 at p. 1, 6-7.)  The entirety of her argument is as follows:

> In the instant matter, it is clear that the Defendant Kimberly S. Osmic has not been properly served in the instant matter; Plaintiff admits that there were several unsuccessful attempts to serve Osmic, Inc. by certified mail, and subsequently the Clerk sent the summons and Complaint by regular U.S. mail to Osmic, Inc. at 5151 Lakeside Avenue, Cleveland, Ohio, which is the listed address of its statutory agent Hugh Osmic (hereinafter "Mr. Osmic"). (Doc. No. 7.) See also Doc. No. 21-1; however, there is no indication on the record that the Defendant Kimberly S. Osmic has been properly served.

(*Id*. at pp. 6, 7.)  Additionally, Ms. Osmic avers in a sworn Affidavit attached to her Motion that she was not properly served and that "nothing on the records shows that I was properly served as of the present moment which warrants dismissal of the claims against me on this basis."  (Doc. No. 78-3 at ¶ 3.)

In response, West Bend asserts that it properly served Ms. Osmic on September 15, 2021 via ordinary mail and that Ms. Osmic's allegations to the contrary are meritless "if not outright fraudulent."  (Doc. No. 79 at p. 2.)  West Bend further argues that (notwithstanding that the docket reflects proper service) Ms. Osmic waived her right to challenge the sufficiency of service by failing to raise this defense in any of her prior responsive pleadings, including her first Motion to Dismiss, her Answer, and/or her second Motion to Dismiss.  (*Id.* at pp. 2-3.)  Ms. Osmic did not file a reply to West Bend's Brief in Opposition.

11

The requirements for service of process are set forth in Rule 4 of the Federal Rules of Civil Procedure.  Rule 4(c)(1) provides that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," i.e., within ninety (90) days after the complaint is filed.  *See* Fed. Rules of Civ. P. 4(c)(1) and 4(m).  Rule 4(e) then specifies the permissible methods of service. As relevant here, Rule 4(e)(1) authorizes a plaintiff to serve an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In this case, it is undisputed that the "state law for serving a summons" referenced in Fed. R. Civ. P. 4(e)(1) is Ohio law.  Ohio Rule of Civil Procedure 4.1(A) permits service by certified or express mail or by a commercial carrier service.  If certified or express mail is returned as "unclaimed," Ohio R. Civ. P. 4.6(D) provides that the serving party can request ordinary mail service, and the clerk shall send the summons and complaint to the defendant by ordinary mail.  *See* Ohio R. Civ. P. 4.6(D).  Importantly, Ohio R. Civ. P. 4.6(D) provides that "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Ohio Civ. R. 4.6(D).  *See also Technology From Heaven Unlimited v. Regal-Elite, Inc.,* 2018 WL 5447545 at * 3-4 (S.D. Ohio Jan. 26, 2018); *Shannon Village Homeowners Association v. Miller*, 214 N.E.3d 48, 53 (Ohio App. 10th Dist. 2023); *In re K.J.,* 2023 WL 2325558 at * 2-3 (Ohio App. 8th Dist. March 2, 2023).

"'If a plaintiff follows the civil rules governing service of process, a rebuttable presumption of proper service arises.'" *Shannon Village Homeowners Ass'n*, 214 N.E.3d at 53 (quoting *Erin Capital Mgt. L.L.C. v. Fournier*, 2012 WL 760711 at * 3 (Ohio App. 10th Dist. March 8, 2012)). Here, the record reflects that West Bend repeatedly attempted to serve Ms. Osmic by certified mail

in accordance with Ohio R. Civ. P. 4.1 but was unsuccessful. West Bend's third (and last) attempt at certified mail service came back as "unclaimed." (Doc No. 25.) Thereafter, and pursuant to Ohio R. Civ. P. 4.6(D), West Bend properly requested that the Clerk serve Ms. Osmic via ordinary, U.S. mail. (Doc. Nos. 26.) The docket reflects that the Clerk sent copies of the Summons and Complaint to Ms. Osmic via ordinary, U.S. mail on September 15, 2021. There is no indication on the docket that this mailing was returned as "undeliverable." Thus, the Court finds that West Bend satisfied Ohio law regarding service by ordinary mail and a rebuttable presumption of proper service arose.

Ms. Osmic however, "can rebut this presumption of proper service using sufficient evidence that service failed." *Shannon Village Homeowners Ass'n*, 214 N.E.3d at 53. As Ohio courts have explained, "'[i]n order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service.'" *In re K.J.*, 2023 WL 2325558 at * 3 (quoting *Hook v. Collins*, 2017 WL 1034605 at * 2 (Ohio App. 8th Dist. March 9, 2017)). Specifically, Ohio courts have held that "the rebuttable presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed." *Hook*, 2017 WL 1034605 at * 3. "'Where the defendant … swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question.'" *Id.* (quoting *Watts v. Brown*, 1983 WL 5633 (Ohio App. 8th Dist. Aug. 4, 1983)).

In the instant case, Ms. Osmic has submitted a sworn and notarized Affidavit in which she avers that "she was never properly served with the documentation pertaining to the instant matter." (Doc. No. 78-3.) West Bend does not acknowledge or address Ms. Osmic's Affidavit at any point in

13

its briefing.  (Doc. No. 79.)  Assuming *arguendo* that Ms. Osmic's Affidavit constitutes "evidentiary quality information demonstrating that she did not receive service," the Court notes as follows.  Ms. Osmic states in her Motion that the ordinary mail service package was sent to her by the Clerk at 5151 Lakeside Avenue, which she claims is the address of Mr. Osmic's statutory agent.  (Doc. No. 78 at p. 6.)  It appears, however, that the service package was sent by ordinary mail to Ms. Osmic's Mentor, Ohio address, which was provided by the U.S. Postal Service as her forwarding address. (Doc. No. 30.)  Ms. Osmic does not aver that she did not reside or receive mail at the Mentor, Ohio address.  Nor, for that matter, does she aver that she did not reside or receive mail at the Lakeside Avenue address.  Rather, Ms. Osmic simply states that "she was not served."

Given her *pro se* status, Ms. Osmic's averment that "she was not served" could be liberally construed as averring that she never received the ordinary mail service package that was placed in the mail on September 15, 2021.  Some Ohio courts have found evidence of this nature to be sufficient to rebut the presumption of proper service. [4]  This Court, however, need not determine whether Ms. Osmic's Affidavit is sufficient to rebut the presumption.  As discussed *infra*, even assuming *arguendo* that Ms. Osmic was not properly served, the Court finds that she waived the affirmative defense of insufficient service of process both by failing to include this defense in her first Motion to Dismiss and/or her Answer and, further, by her active participation in the instant litigation.

### A.   Waiver Through Failure to Raise Service Defense in First Rule 12 Motion

---

[4] Specifically, some Ohio courts have held that "service fails where the defendant does not receive the summons and complaint, even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipate that the defendant would receive it."  *Erin Capital Mgt., LLC*, 2012 WL 760711 at * 3 (citing *Rafalski v. Oates,* 477 N.E.2d 1212, syllabus ¶ 1 (Ohio App. 8th Dist. 1984)).  Other Ohio courts, however, declined to follow this reasoning, finding that "an unchallenged, self-serving affidavit may not be sufficient to render a judgment *void ab initio*."  *Tax Ease Ohio, LLC v. Richard,* 150 N.E.3d 378, 380 (Ohio App. 11th Dist. 2019) (collecting cases).

"By operation of the Federal Rules of Civil Procedure, a defendant who files a motion under Rule 12, yet fails to raise in that motion the defense of insufficient service of process, forever 'waives' that defense." *King,* 694 F.3d at 656 (citing Fed. R. Civ. P. 12(b)(5), (g)(2), (h)(1)(A)). *See also Boulger*, 917 F.3d at 476 ("Under the Federal Rules of Civil Procedure, a defendant who files a motion under Rule 12 and fails to raise the defense of insufficient service of process 'waives' that defense.") Therefore, if Ms. Osmic "filed a motion under Rule 12, but never argued therein that service was defective, [s]he is barred from raising the issue later." *King*, 694 F.3d at 656.

As discussed above, after successfully moving the court to set aside the entry of default against her, [5] Ms. Osmic filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 10, 2022. (Doc. No. 41.) Ms. Osmic did not, at any point in that Motion, raise the defense of insufficient service of process under Fed. R. Civ. P. 12(b)(5). (*Id.*) Moreover, after the Court denied Ms. Osmic's first Motion to Dismiss, she filed an Answer in which she asserted fifteen affirmative defenses—none of which included insufficient service of process. (Doc. No. 50.) Accordingly, the Court finds that Ms. Osmic waived her insufficient service of process defense by failing to raise it in either her first Motion to Dismiss (Doc. No. 41) or her Answer (Doc. No. 50).

### B.    Wavier through Conduct

---

[5] The Court notes that, in her Motion to Set Aside Entry of Default, Ms. Osmic stated that "[b]ecause Defendant Osmic hereby did not receive anything from the Office of the Clerk of this Court, and specifically she did not receive a copy of the Summons or Complaint filed by the Plaintiff[] in this case, this Court did not have personal jurisdiction over Defendant until the filing of the instant Document and [the Court should] grant [her] at least twenty-one days to enable [her] to meaningful search [sic] for an attorney to represent [her] in this case." (Doc. No. 34 at pp. 6-7.) Ms. Osmic did not, however, move to dismiss for insufficient service, cite Fed. R. Civ. P. 12(b)(5) or otherwise argue (at any point in her Motion to Set Aside Entry of Default) that the claims against her should be dismissed because West Bend had failed to properly serve her. Thus, the Court did not interpret Ms. Osmic's Motion as seeking dismissal under Fed. R. Civ. P. 12(b)(5) and did not address that issue in its Memorandum Opinion & Order setting aside the entry of default against Ms. Osmic. (Doc. No. 40.)

Even if the Court were to extend every benefit of the doubt to Ms. Osmic and assume (for purposes of the instant Motion only) that she preserved her insufficient service of process defense, the Court finds that she waived this defense through her active participation in the instant litigation over the past eighteen (18) months. Even where a defendant properly preserves a Rule 12(b) defense, "he [or she] may forfeit the right to seek a ruling on the defense at a later juncture through his [or her] conduct during the litigation." *King*, 694 F.3d at 658. In other words, "[a] defendant is 'required at some point to raise the issue by motion for the court's determination'" and "[w]aiting too long to do so can forfeit the defense." *Id. See also Petti v. Fraker*, 2019 WL 13201295 at * 2 (N.D. Ohio April 18, 2019).

"Put simply, a defendant's appearances, filings, and actions in the district court may constitute 'legal submission to the jurisdiction of [that] court.'" *Boulger,* 917 F.3d at 477 (quoting *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011)). "But not all conduct serves as constructive consent to personal jurisdiction." *Id*. Instead, courts must ask whether a defendant's conduct "has given the plaintiff 'a reasonable expectation' that the defendant will defend the suit on the merits or whether the defendant has caused the court to 'go to some effort that would be wasted if personal jurisdiction is later found lacking.'" *King*, 694 F.3d at 659 (quoting *Gerber*, 649 F.3d at 519). *See also Blessing v. Chadrasekhar*, 988 F.3d 889, 899 (6th Cir. 2021); *Boulger,* 917 F.3d at 477. Ultimately, courts "must consider all of the relevant circumstances in determining whether waiver by conduct has occurred." *Boulger*, 917 F.3d at 477. *See also Blessing*, 988 F.3d at 899.

The Sixth Circuit's decision in *Boulger, supra* is instructive. In that case, the defendant raised the defenses of insufficient service of process and lack of personal jurisdiction in his answer but then immediately filed a motion for judgment on the pleadings in which he did not include those defenses.

16

*Boulger*, 917 F.3d at 477. The Sixth Circuit found that defendant had waived both defenses, explaining as follows:

> Turning to [defendant] Woods's conduct, one filing "stands out as showing the obvious intent of the defendant[ ] to submit to the personal jurisdiction of the Court." *Gerber*, 649 F.3d at 525 (Moore, J., concurring). As the district court noted, although Woods raised the defenses of insufficient service of process and lack of personal jurisdiction in his answer, he immediately filed a motion for judgment on the pleadings in which the defenses were not included. The motion for judgment on the pleadings was filed several months early—because Woods had not yet been served—and necessarily sought a decision on the merits. Woods's motion was thus "inconsistent with the idea that the district court lacked personal jurisdiction over the defendant[ ]." *Id*. Indeed, Woods's actions demonstrate that he sought to have the district court use its power over the parties to reach a decision on the merits and required the court to expend significant efforts in doing so. *See Parchman v. SLM Corp*., 896 F.3d 728, 734 ("[T]he voluntary use of certain district court procedures serve[s] as constructive consent to the personal jurisdiction of the district court ...." (alterations in original) (quoting *Gerber*, 649 F.3d at 519)). Such voluntary participation in the litigation gave Boulger "a reasonable expectation that [Woods would] defend the suit on the merits." *King*, 694 F.3d at 660–61 (quoting Gerber, 649 F.3d at 519).
>
> The filing of the motion for judgment on the pleadings therefore created a reasonable expectation that Woods would defend the suit on the merits. Any other holding would create a perverse outcome. One can imagine a litigant asking the court to proceed on the merits, and then, only if the court's decision is unfavorable, seeking to re-assert jurisdictional defenses. The district court thus reasonably concluded that Woods's actions constituted waiver. And, importantly, that kind of decision is precisely the discretionary judgment that district courts are empowered to make in these kinds of circumstances.

*Id.* at 477-478.

Here, the Court finds that Ms. Osmic's conduct gave West Bend a "reasonable expectation that [she] would defend on the merits." *Boulger*, 917 F.3d at 477. As noted above, Ms. Osmic's first and second Motions to Dismiss both sought dismissal under Rule 12(b)(6) for failure to state a claim. Neither of these Motions sought dismissal under Rule 12(b)(5) or otherwise made any mention regarding the defense of insufficient service of process. Rather, in each of these Motions, Ms. Osmic

sought a ruling on the merits of West Bend's claims against her. As in *Boulger,* the filings of these Motions to Dismiss "created a reasonable expectation" that Ms. Osmic would defend on the merits.

Moreover, after the Court denied Ms. Osmic's Motions, she continued to actively participate in the case by: (1) submitting a Report of Parties' Planning Meeting on July 19, 2022 (Doc. No. 55); (2) participating in the CMC on July 20, 2022 (Doc. No. 56); (3) participating in a telephonic status conference with the Court on December 2, 2022; (4) jointly requesting a sixty (60) day extension of the discovery and dispositive motion deadlines in December 2022; (5) filing a motion to resume proceedings in March 2023, after Mr. Osmic voluntarily dismissed his bankruptcy petition (Doc. No. 71); (6) moving to extend the discovery deadlines another ninety (90) days in March 2023 (Doc. No. 72); and (7) participating in a telephonic status conference with the Court on March 15, 2023. The Court finds that this conduct by Ms. Osmic not only gave West Bend a reasonable expectation that she intended to defend the suit on the merits, but also caused this Court "to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Boulger,* 917 F.3d at 477.

In sum, the Court finds Ms. Osmic waived her insufficient service of process defense through her voluntary and active participation in this lawsuit over the past eighteen months. Ms. Osmic's Motion to Dismiss for Insufficient Service of Process under Fed. R. Civ. P. 12(b)(5) is, therefore, denied.

## B. Failure to State a Claim under Rule 12(b)(6)

Ms. Osmic next argues that West Bend "has failed to state a cause of action" against her because she "has no knowledge or information pertaining to the purported agreements and arrangements made between [West Bend] and the other parties in the instant matter." (Doc. No. 78 at pp. 1-2, 5, 8.) She further maintains that dismissal is appropriate because "a handwriting expert

18

has examined the signature page of the purported Rapid Bond General Agreement of Indemnity which led to [Mr. King's] letter of opinion and conclusion issued on June 19, 2023 that states that the signature on the purported document is inconsistent with the actual signature of Kimberly S. Osmic and that the level of certainty with regards to this conclusion is 'highly probable.'" (*Id*. at p. 8.)  Thus, Ms. Osmic maintains that West Bend's claims against her should be dismissed under Rule 12(b)(6). (*Id*. at p. 7.)

In response, West Bend argues that Ms. Osmic's Motion is both procedurally and substantively improper.  (Doc. No. 79 at p. 3.)  West Bend correctly notes that this Court has previously found (in two separate Opinions) that the Complaint alleges sufficient facts that, if taken as true, state plausible claims against Ms. Osmic for breach of contract, common law indemnification, declaratory judgment, and conversion.  (*Id*.)  West Bend maintains that Ms. Osmic now improperly "attempts to introduce evidence that falls outside the four corners of the pleadings and relies solely on a report of third-party," i.e., Mr. King.  (*Id*.)  Lastly, West Bend asserts that Mr. King's "Letter of Opinion" should be stricken because (1) it is not properly authenticated, and (2) was not disclosed to Plaintiff until well after the initial expert report deadline set by this Court.  (*Id*. at p. 8-9.)  Ms. Osmic did not file a reply to Plaintiff's Brief in Opposition.

The Court first finds that it will not consider either Mr. King's Letter of Opinion or Ms. Osmic's June 21, 2023 Affidavit in resolving the instant Motion.  It is well-established that, in ruling on a Rule 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett,* 528 F.3d at 430. *See also Brent v. Wayne Cty. Dep't of Human Servs.,* 901 F.3d

656, 694 (6th Cir. 2018).  When a court takes judicial notice of matters outside the pleadings, it may only consider the existence of these documents but not the truth of the specific factual allegations contained therein, as such factual allegations are subject to reasonable dispute.  *See In re Omnicare, Inc. Sec. Litig*., 769 F.3d 455, 467 (6th Cir. 2014) ("Federal Rule of Evidence 201 allows a court to take notice of facts not subject to reasonable dispute.")  Under Rule 12(d), "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  If a motion to dismiss is converted to a motion for summary judgment, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

For the following reasons, the Court will not consider Mr. King's Letter of Opinion or Ms. Osmic's Affidavit in resolving the instant Motion to Dismiss.  Neither of these documents are attached to or referred to in the Complaint nor do either of these documents constitute a public record. Moreover, although the issue of whether Ms. Osmic signed the Rapid Bond Agreement may be considered as central to West Bend's claims, that issue is subject to reasonable dispute and cannot be resolved at the pleadings stage.  Indeed, West Bend has alleged that Ms. Osmic did, in fact, execute the Rapid Bond Agreement that is the subject of its claims.  *See* Doc. No. 1 at ¶¶ 7, 21.  Lastly, none of the parties have requested, and the Court is not inclined, to convert Ms. Osmic's latest Motion to Dismiss to a Motion for Summary Judgment. [6]

---

[6] In its Brief in Opposition, West Bend asks this Court to exclude Mr. King's June 19, 2023 Letter of Opinion on the grounds that Ms. Osmic failed to timely disclose it under Fed. R. Civ. P. 26 and the expert disclosure deadlines set by this Court.  (Doc. No. 79 at pp. 8-9.)  West Bend asserts that Ms. Osmic never disclosed or exchanged Mr. King's Report with West Bend and that "[i]n fact, West Bend only became aware of such a Report on June 29, 2023," well past the initial expert report deadline in this matter.  (*Id.*)  Thus, West Bend asks the Court to exclude the Report for purposes of the resolving the instant Motion and further, to preclude Ms. Osmic "from attempting to use the Report in the future." (*Id*. at p. 9.)  As noted above, the Court will not consider Mr. King's Letter of Opinion herein because it is outside the pleadings and, therefore, not properly considered in the context of a motion to dismiss under Rule 12(b)(6).  The Court

The Court further finds that West Bend has plausibly alleged claims against Ms. Osmic for breach of contract, common law indemnification, declaratory judgment, and conversion. As discussed at some length in this Court's June 9, 2022 and March 6, 2023 Memorandum Opinions & Order (Doc. Nos. 47, 75), West Bend specifically alleges in its Complaint that (1) Ms. Osmic executed the April 2017 Rapid Bond Indemnity Agreement; (2) West Bend performed under that Agreement and demanded payment from Defendants (including Ms. Osmic); (3) Ms. Osmic breached the Agreement by failing to pay; and (4) West Bend suffered damages as a result. (Doc. No. 1.) West Bend also specifically alleges that (1) Ms. Osmic misappropriated MetroHealth Contract funds to pay non-bonded project costs, general expenses, and personal expenses; (2) payment claims have been made against the Bond relating to this conduct which have been or will be paid by West Bend; (3) West Bend demanded payment from Ms. Osmic for these losses; (4) Ms. Osmic has failed to pay; and (5) West Bend has suffered damages as a result. (*Id*.) The Court must take these factual allegations as true for purposes of the instant Motion and view them in a light most favorable to West Bend. *See Gunasekara*, 551 F.3d at 466.

Accordingly, to the extent Ms. Osmic argues that West Bend fails to state a claim against her because she did not, in fact, sign the Rapid Bond Agreement, this argument is rejected. To the extent Ms. Osmic's current Motion can be read as reasserting the same legal arguments raised in either of

---

further notes that it is not appropriate for West Bend to attempt to strike Mr. King's Letter of Opinion in the context of its Brief in Opposition to Ms. Osmic's Motion to Dismiss. Rather, West Bend should have filed a separate Motion seeking that relief. However, the Court does note that the initial expert report deadline in this matter was May 14, 2023. *See* Non-Doc Order dated March 15, 2023. Rebuttal expert reports were due by June 13, 2023, and expert discovery closed on July 13, 2023. *Id*. According to West Bend, Ms. Osmic failed to timely disclose Mr. King's Report to West Bend by May 14, 2023 and, in fact, did not disclose it until over two months later when she filed her Motion to Dismiss on June 29, 2023. Accordingly, without deciding the issue, apparently Ms. Osmic failed to comply with the expert discovery deadlines set by this Court and Mr. King's Letter of Opinion is therefore untimely and potentially subject to exclusion under Fed. R. Civ. P. 37 upon proper motion.

her previous Motions to Dismiss, the Court rejects those arguments for the reasons set forth in its Memorandum Opinions & Order dated June 9, 2022 and March 6, 2023. (Doc. Nos. 47, 75.)

Accordingly, and for all the reasons set forth above, Ms. Osmic's Motion to Dismiss for failure to state a claim under Rule 12(b)(6) is denied.

**IV.     Conclusion**

For all the reasons set forth above, Defendant Kimberly Osmic's Motion to Dismiss (Doc. No. 78) is DENIED.

**IT IS SO ORDERED.**


                                                     _s/Pamela A. Barker_____
                                                     PAMELA A. BARKER
Date:  September 26, 2023                              U.S. DISTRICT JUDGE