IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WEST BEND MUTUAL INSURANCE COMPANY,** | **CASE NO. 1:21-CV-00593-PAB** |
| Plaintiff, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| **OSMIC, INC., et al.** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Currently pending is *pro se* Defendant Hugh Osmic's "Motion for Leave to File Amended Answer and Counterclaim." (Doc. No. 87.) For the following reasons, Defendant's Motion for Leave (Doc. No. 87) is DENIED.

I.      **Relevant Background**

Plaintiff West Bend Mutual Insurance Company (hereinafter "Plaintiff" or "West Bend") filed a Complaint in this Court against Defendants Osmic, Inc., Hugh Osmic, and Kimberly Osmic on March 12, 2021, asserting claims for breach of contract/contractual indemnification, common law indemnification, declaratory judgment, and conversion. (Doc. No. 1.) West Bend seeks indemnification in the amount of $123,895.35, as well as punitive damages, pre- and post-judgment interest, attorney's fees, and costs. (*Id.*) Default was initially entered against both Defendant Hugh Osmic ("Hugh") and Defendant Kim Osmic ("Kim") but was later set aside. (Doc. Nos. 27, 40.) Default judgment was entered in West Bend's favor with respect to Defendant Osmic, Inc. on February 16, 2022. (Doc. No. 45.)

Hugh and Kim later filed several Motions to Dismiss, all of which were denied. (Doc. Nos. 47, 75, 80.) On July 5, 2022, Hugh and Kim filed separate Answers to the Complaint. (Doc. Nos. 50, 51.) A Case Management Conference ("CMC") was thereafter held on July 20, 2022, at which time the Court set the following deadlines: (1) pleadings to be amended and new parties joined by September 30, 2022; (2) non-expert discovery to be completed by December 28, 2022; (3) expert discovery to be completed by February 1, 2023; and (4) dispositive motions to be filed by February 1, 2023. (Doc. No. 57.) The discovery and case management deadlines were later extended by sixty days. *See* Non-Doc. Order dated December 2, 2022.

On March 1, 2023, Hugh and Kim filed Motions to Extend the fact discovery, expert discovery, and dispositive motions deadlines.[1] (Doc. Nos. 72, 74.) The Court conducted a status conference on March 15, 2023, during which it (among other things) extended the fact discovery deadline to April 14, 2023 and the dispositive motion deadline to August 12, 2023. On October 16, 2023, West Bend moved to dismiss Kim Osmic from the instant action (Doc. No. 82.) The Court subsequently granted the Motion, leaving Hugh Osmic as the sole remaining defendant.

With leave of Court, West Bend filed a Motion for Summary Judgment against Hugh on December 15, 2023. (Doc. No. 85.) Hugh's Brief in Opposition was due by January 18, 2024. The docket reflects that Hugh did not file a Brief in Opposition to West Bend's Motion by that date.

Rather, on January 26, 2024, Hugh filed the instant "Motion for Leave to Amend Answer and Counterclaim." (Doc. No. 87.) Therein, Hugh seeks leave to file an amended answer "based on newly discovered information." (*Id*. at p. 1.) He asserts as follows:

---

[1] On January 9, 2023, Hugh filed a Notice of Bankruptcy. (Doc. No. 64.) In light of this filing, the Court stayed the instant action as to Hugh. The Court lifted the stay on February 27, 2023, after the Court became aware that Hugh had voluntarily dismissed his Chapter 13 Bankruptcy Petition. (Doc. No. 70.)

> 12. The Defendant contests that the Plaintiff is engaging in misrepresentation of material facts with regards to the instant matter; the Plaintiffs in the instant matter have submitted to the Court an email with the heading at the top stating "Osmic, Inc." which is not authentic and constitutes fraud upon the court in and of itself; second, on this document are two emails, one of which is yert-insurance@gmail.com and the other is jaimiemyert@yertinsurance.com, the emails on this document are also not authentic because this email does not exist and also constitute fraud upon the court; lastly, on the third page of the contract, it clearly states that every project requires a new application and this also constitutes fraud upon the court.
>
> 13. In support of the Plaintiffs allegations of fraud, the Plaintiff received a response from Google, L.L.C. in response to the Defendant's request for a subpoena indicates that there exists no email by the name of yert-insurance@gmail.com which means that the evidence offered by the Plaintiff in the instant matter cannot possibly be authentic or genuine and is in fact fraud upon the court.

(*Id*. at p. 3.)  Hugh argues that his request to amend "cannot possibly be in bad faith or prejudicial to the Plaintiffs who have been the ones deceiving and prejudicing the Defendant in the instant matter."  (*Id*. at p. 5.)  Lastly, he argues that amendment would not be futile in light of the "discovery of clear evidence of misrepresentation to the Court about critical communications between the parties in the instant matter which affects the narrative and outcome of this entire matter."  (*Id*.)

II.     **Standard of Review**

Seeking leave to amend a pleading after a scheduling order's deadline has passed implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16.  *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 16 requires the district court to enter a scheduling order that includes a deadline for amending pleadings and provides that a court can modify its scheduling order "only for good cause."  Fed. R. Civ. P. 16(b)(3)(A) & (4). Interpreting the interplay between these two Rules, the Sixth Circuit has held that, notwithstanding Rule 15's directive to freely give leave to amend, a party seeking leave to amend after the scheduling order's deadline

3

must first meet Rule 16's good-cause standard in order for the district court to amend the scheduling order. *See Leary*, 349 F.3d at 909; *Armatas v. Haws*, 2021 WL 5356028 at * 3 (6th Cir. 2021); *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 Fed. Appx. 364, 367 (6th Cir. 2016). *See also Satterwhite v. Ashtabula County Metroparks*, 514 F.Supp.3d 1014, 1021 (N.D. Ohio 2021).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). *See also Leary*, 349 F.3d at 907. Possible prejudice to the party opposing modification is another relevant consideration in the good cause analysis. *Inge*, 281 F.3d at 625. *See also Leary*, 349 F.3d at 909; *Carrizo (Utica) LLC.*, 661 Fed. Appx. at 368; *Satterwhite,* 514 F.Supp.3d at 1021-1022. "Notably, the moving party must meet a 'higher threshold' in showing good cause under Rule 16 than it would under Rule 15." *Armatas,* 2021 WL 5356028 at * 3 (citing *Shane v. Bunzl Distrib. USA, Inc.*, 275 Fed. Appx 535, 536 (6th Cir. 2008)).

If good cause is shown under Rule 16, the court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. As noted above, under Rule 15(a)(2), a district court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

**III. Analysis**

Here, the Court issued a scheduling Order on July 20, 2022, setting a pleading amendment deadline of September 30, 2022. (Doc. No. 57.) Although the discovery and dispositive motions deadlines were subsequently extended, the parties never asked (and this Court never granted) an extension of the deadline to amend the pleadings. Thus, as the pleading amendment deadline in this matter expired over 16 months ago on September 30, 2022, Hugh must first meet Rule 16's good cause standard to obtain leave to amend.

For the following reasons, the Court finds that Hugh has failed to demonstrate good cause under Rule 16(b). Hugh has offered no explanation for why he waited over sixteen (16) months after the expiration of the deadline to amend the pleadings, and more than nine (9) months since the close of fact discovery, to file his Motion for Leave to Amend. Hugh has long been aware of the allegedly fraudulent email chain that is the basis for his Motion. This document is attached to the Complaint as Exhibit C (Doc. No. 1-3) and Hugh questioned James Yert (the alleged author of this email chain) about its authenticity at some length during his deposition on March 27, 2023 – over ten months ago. (Doc. No. 84.) During that deposition, Mr. Yert testified that the email address "jamieyert@yertinsurance.com" existed in 2017, but that he did not know anything about the other email address in the chain, "yert-insurance@gmail." (*Id* at Tr. 9-10.)

Hugh was, therefore, aware of the alleged authenticity issues relating to the emails in question over ten (10) months ago and yet he failed to seek leave to amend at that time. Instead, he waited until well after the pleading amendment, fact discovery, and dispositive motions deadlines had all expired before seeking leave to amend. Hugh offers no explanation for this delay or for his lack of diligence. Moreover, the Court rejects Hugh's argument that West Bend would not be unduly

5

prejudiced by allowing amendment at this time. This matter has been pending for over two years and ten (10) months. There have been numerous delays, most of which are attributable to Hugh. Allowing amendment at this time would undoubtedly prejudice West Bend, particularly since fact discovery has closed and West Bend has already expended time and resources to file its Motion for Summary Judgment.

Under similar circumstances, the Sixth Circuit has repeatedly held that a district court's denial of a motion to amend the complaint does not constitute an abuse of discretion. *See Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. Appx. 369, 376 (6th Cir. 2009) (upholding district court's denial of leave to amend after close of discovery and filing deadline for dispositive motions because plaintiff could not explain its delay in bringing claims it knew of since lawsuit's inception and the addition of new claims would prejudice defendants at such late stage of litigation); *Leary*, 349 F.3d at 909 (holding that district court did not abuse its discretion where it determined that plaintiffs failed to show good cause to amend complaint after dispositive motion deadline); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree."); *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989) ("A party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed" to seek leave to amend.) *See also Bare v. Federal Exp. Corp.*, 886 F.Supp.2d 600, 607 (N.D. Ohio 2012); *Nikaj v. Hanover Ins. Co.,* 2018 WL 4282778 at * 3 (E.D. Mich. Sept. 7, 2018).

Finally, and in addition to the reasons set forth above, the Court finds that Hugh has failed to demonstrate good cause because he has not adequately explained what additional affirmative defenses he seeks to raise in an amended answer; what counterclaims he would assert if permitted to

6

amend; and how the allegedly fraudulent emails in question are relevant to any such affirmative defenses or counterclaims. In sum, Hugh has not articulated any compelling reason why amendment should be permitted at this very late stage of the proceedings.

Accordingly, and for all the reasons set forth above, the Court finds that Hugh has failed to demonstrate good cause under Fed. R. Civ. P. 16(b). Hugh's Motion for Leave to Amend is, therefore, denied.

### IV. Conclusion

For all the reasons set forth above, Defendant Hugh Osmic's Motion for Leave to File Amended Answer and Counterclaim (Doc. No. 87) is DENIED.

**IT IS SO ORDERED.**

Date: February 1, 2024

     s/Pamela A. Barker
PAMELA A. BARKER
U.S. DISTRICT JUDGE