IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WEST BEND MUTUAL INSURANCE COMPANY,** | **CASE NO. 1:21-CV-00593-PAB** |
| Plaintiff, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| **OSMIC, INC., et al.** | **MEMORANDUM OPINION & ORDER** |
| Defendants. | |

Currently pending is *pro se* Defendant Hugh Osmic's "Motion to Dismiss and Right to Jury Demand." (Doc. No. 108.) Plaintiff West Bend Mutual Insurance Company filed a Brief in Opposition on September 4, 2024. (Doc. No. 110.) For the following reasons, Defendant's Motion (Doc. No. 108) is DENIED.

At the outset, the Court notes that Defendant filed a virtually identical "Motion to Dismiss and Right to Jury Demand" on August 6, 2024. (Doc. No. 105.) The following day, this Court issued a Memorandum Opinion & Order denying the Motion. (Doc. No. 106.) The Court first rejected Defendant's argument that the instant action should be dismissed for lack of personal and subject matter jurisdiction, finding as follows:

> Defendant first argues that this Court should dismiss the instant action pursuant to Fed. R. Civ. P. 12 for lack of personal and subject matter jurisdiction on the grounds that Plaintiff West Bend Mutual Insurance Company ("West Bend") is unable to demonstrate the existence of a valid contractual relationship between the parties. Defendant's request is denied. Whether or not a valid and binding contract exists between West Bend and Defendant Osmic has no bearing whatsoever on the existence

> of either personal jurisdiction or subject matter jurisdiction.[1] Moreover, the time to raise the defense of lack of personal jurisdiction under Rule 12 is well past and, therefore, waived. *See* Fed. R. Civ. P. 12(h)(1). Accordingly, Defendant's Motion to Dismiss the instant action on the basis of lack of jurisdiction is without merit and denied.

(*Id*. at p. 1.) The Court then rejected Defendant's request for a jury trial. After citing Fed. R. Civ. P. 38(b) and (d),[2] the Court found as follows:

> Here, the record is clear that Defendant failed to timely demand a jury trial under Rule 38(b). The Complaint in this matter was filed over three years ago, on March 12, 2021. Defendant failed to include a jury demand in his Answer, which was filed on July 5, 2022. (Doc. No. 51.) After a protracted and contentious period of discovery, Defendant filed a Motion for Leave to File an Amended Answer and Counterclaim on January 26, 2024. (Doc. No. 87.) Defendant did not request, in that Motion, leave to assert a jury demand. (*Id.*) The Court denied Defendant's Motion on February 1, 2024. (Doc. No. 88.) Subsequently, on May 30, 2024, this Court denied West Bend's Motion for Summary Judgment. (Doc. No. 103.) On June 7, 2024, the Court conducted a status conference with Plaintiff's counsel and Defendant Osmic, at which time it set a Final Pretrial for August 29, 2024 and bench trial for September 23, 2024. At no time during that status conference did Defendant Osmic make a demand for trial by jury or otherwise raise the issue of a jury trial.
>
> It is only now, just six weeks before the bench trial is set to begin, that Defendant Osmic has for the first time requested a trial by jury. As noted above, Defendant failed to demand a jury in his Answer or, indeed, in any of his previous filings during the three years since the Complaint was filed. Defendant's current, last minute request for a jury demand is clearly untimely under the plain language of Rule 38(b). The Court therefore finds that Defendant has waived his right to a trial by jury. *See Irvin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1987) (finding that a party who fails to properly file and serve a timely jury demand waives a jury trial under Rule 38(d)); *Barron v. Bakers Life and Cas. Co.*, 288 F.R.D. 187, 189 (W. D. Tenn. 2012) (same); *Saab v. Metropolitan Life Ins. Co.*, 2022 WL 451665 at * 1 (E.D. Mich. Feb. 14, 2022) (same).

---

[1] The Court noted, in a footnote, that it has subject matter jurisdiction over the instant action because Plaintiff and Defendants are completely diverse and the amount in controversy is greater than $75,000.

[2] Rule 38(b) provides as follows: "(b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b)(1). Paragraph (d) of this Rule further provides that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

2

The Court recognizes that, pursuant to Fed. R. Civ. P. Rule 39(b), a district court "may, on motion, order a jury trial as to any issue for which a jury might have been demanded," even if the motion is untimely. *See* Fed. R. Civ. P. 39(b); *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987). "A district court has broad discretion in ruling on a Rule 39(b) motion." *Kitchen*, 825 F.2d at 1013 (citing *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir.1986)). In evaluating whether to grant an untimely request for a jury trial, district courts may consider a number of factors, including (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the Court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Developers Diversified of Tennessee, Inc. v. Tokio Marine & Fire Ins. Co.,* 2015 WL 13528477 at * 3 (M.D. Tenn. March 17, 2015) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)). *See also Shuler v. HP Resources, Inc.,* 2014 WL 584762 at * 1 (N.D. Ohio Feb. 12, 2014).

"The court's discretion should be exercised in favor of granting a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Kitchen*, 825 F.3d at 1013 (quoting *Local 783 v. General Elec. Co.*, 471 F.2d 751, 755 (6th Cir. 1973)). However, "a district court will not abuse its discretion in denying a Rule 39(b) motion if the only justification is mere inadvertence." *Misco, In*c., 874 F.2d at 205. *See also Kitchen*, 825 F.2d at 1013. Moreover, courts have denied late jury demands when the motion was filed too close to trial. *See, e.g., Perez v. Cathedral Buffett, Inc.*, 2016 WL 4468111 at * 2 (N.D. Ohio Aug. 24, 2016) (denying motion for jury trial where case has been pending for nearly a year and trial was "merely three months away") (collecting cases).

Here, the Court finds, in the exercise of its discretion, that there are strong and compelling reasons to deny Defendant's request for a jury trial. As noted above, this matter has been pending for over three years. At no point prior to the instant Motion has Defendant ever requested a jury trial. Nor did Defendant request a jury trial during the June 7, 2024 status conference when the Court set this matter for bench trial. Mostly notably, the bench trial in this matter is only six weeks away. Defendant offers no explanation, of any kind, for waiting until the eve of bench trial to request a jury trial. The Court finds that the length of Defendant's delay in requesting a jury trial, along with his complete failure to explain or justify that delay, weighs heavily against granting his Motion. Additionally, and given the tardiness of Defendant's Motion, the Court further finds that granting Defendant's Motion would undoubtedly prejudice West Bend, which has been preparing for trial based on the assumption that it will be a bench trial. Lastly, the Court finds that granting Defendant's Motion would result in a disruption of the Court's schedule, which was predicated on this matter being tried to the Court.

(*Id*. at pp. 2-4.) The Court, therefore, denied Defendant's first Motion to Dismiss and for Right to a Jury Trial (Doc. No. 105).

On August 9, 2024, Defendant filed a pleading captioned "Demand for Jury Trial," in which he again asserted a right to trial by jury pursuant to Rule 38(b). (Doc. No. 107.) That same day, the Court issued a non-doc Order denying Defendant's Demand for Jury Trial for the reasons set forth in its August 7, 2024 Memorandum Opinion & Order. *See* Non-Doc Order dated Aug. 9, 2024.

Not to be deterred, Defendant filed the instant "Motion to Dismiss and Right to Jury Demand" on August 28, 2024. (Doc. No. 108.) Therein, Defendant argues that the instant action should dismissed (for failure to state a claim and/or for lack of personal or subject matter jurisdiction) because West Bend is unable to demonstrate the existence of a valid contractual relationship between the parties. (*Id*.) Defendant also again asserts a demand for trial by jury, arguing that "the right of trial by jury as declared by the 7th Amendment to the Constitution or as given by the statute of the United States shall be preserved to the parties inviolate." (*Id*. at p. 1.) West Bend filed a Brief in Opposition, noting that this Court had already ruled on the issues raised in Defendant's latest Motion. (Doc. No. 110.)

For the following reasons, Defendant's Motion to Dismiss and request for a Jury Trial is denied. Defendant's latest Motion raises no new issues, arguments, law, or evidence. It is nothing more than a rehashing of his prior filings and is essentially a request that this Court reconsider its August 7, 2024 Memorandum Opinion & Order and August 9, 2024 Non-Document Order. The Court declines to do so. Federal Rule of Civil Procedure 59(e) permits a party to move to amend or alter a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474

(6th Cir. 2009). Rule 59(e) does not permit a party "to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Here, this Court has already carefully considered, and rejected, Defendant's arguments on two separate occasions. Defendant does not identify any clear error of law, newly discovered evidence, or intervening change in controlling law that would warrant reconsideration, either of the denial of his Motion to Dismiss or the rejection of his request for a jury trial. Nor has the Defendant demonstrated that reconsideration is necessary to prevent manifest injustice. As discussed in this Court's August 7, 2024 Memorandum Opinion & Order, there is simply no basis for dismissal of the instant action under Rule 12. Moreover, the Court finds no basis to reconsider its decisions that (1) Defendant waived his right to a jury trial by failing to timely assert it under Rule 38(b), and (2) there are strong and compelling reasons to deny Defendant's request at this late stage in the proceedings. As discussed at length in its August 7, 2024 Opinion, Defendant provides no explanation as to why he waited until the eve of bench trial to request a jury trial, and West Bend would undoubtedly be prejudiced (and this Court's schedule disrupted) by allowing a jury trial at these late stage in the proceedings.

Accordingly, and for all the reasons set forth in this Court's August 7, 2024 Opinion, Defendant's Motion to Dismiss and Right to Jury Demand (Doc. No. 108) is DENIED.

**IT IS SO ORDERED.**

Date: September 6, 2024

  *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE